NO. 07-09-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2010
_____

BETTY A. RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2007-446,768; HONORABLE RUSTY LADD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Betty A. Rios, filed a notice of appeal from her conviction for driving while intoxicated and sentence of three days incarceration and $2,000 fine. The sentence was suspended and appellant was placed on community supervision for a period of 12 months. The appellate court clerk received and filed the trial court clerk's record on September 22, 2009. The trial court reporter's record was received and filed on October 27, 2009. Thus, appellant's brief was due on or before November 26, 2009.

On December 8, 2009, this Court notified appellant that her brief was past due and that, if her brief was not filed by December 18, 2009, her appeal would be abated and remanded to the trial court. As of the date of this order, appellant has failed to file her brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the

2

supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than February 8, 2010.

Per Curiam

Do not publish.